United States District Court
Southern District of Texas

**ENTERED**

October 11, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIM PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02909 |
| | § | |
| INNOVAPLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

## I.    INTRODUCTION

Pending before the Court is the defendant's, Blue World Pools, Inc., et al. ("Blue World") Motion to Compel Arbitration and Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act ("FAA"). (Dkt. No. 29). The plaintiff, Tim Parker ("Parker"), has filed a response to the defendant's motion (Dkt. No. 31), and the defendant has filed a reply (Dkt. No. 32).  After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motions to dismiss and compel arbitration should be **GRANTED**.

## II.    FACTUAL BACKGROUND

Tim Parker and his wife agreed to purchase and install a pool from Blue World on or around April 16, 2022. As part of this transaction, Parker allegedly signed an Arbitration Agreement that required any disputes related to the agreement, whether in contract, tort, or otherwise, to be resolved through binding arbitration, either in Reno, Nevada, or the local

1 / 4

city/state of the purchaser. It is alleged that Parker confirmed, by signing the agreement, that they had read and agreed to its terms.

Later, Parker and his wife changed the pool model they wished to purchase, and Parker signed a new contract with Blue World for the installation of a classic model pool. Blue World alleges that the new contract contained similar arbitration terms as did the prior agreement.

On or around June 1, 2023, Parker filed a demand for arbitration under the American Arbitration Association (AAA) but did so under the Consumer Rules instead of the Commercial Rules as required by the contract. As a result, AAA declined to arbitrate. When Blue World refused to comply with the arbitration demand, Parker filed a lawsuit against it.

In subsequent legal proceedings, Parker supposedly acknowledged the binding nature of the arbitration agreement, suggesting that Blue World could compel arbitration if they chose to. Blue World responded by filing a Motion to Compel Arbitration and Motion to Dismiss.

## III.    PLAINTIFF'S CONTENTIONS

Blue World argues that Parker should be compelled to arbitrate his claims and therefore, his asserted claims should be dismissed in their entirety. However, Parker contends that Blue World misrepresents the facts by suggesting that the arbitration was declined because he filed under the wrong rules. He alleges that the AAA refused to administer an arbitration proceeding because Blue World failed to comply with its consumer arbitration policies. He claims that the AAA confirmed that the Consumer Arbitration Rules apply rather than the Commercial Arbitration Rules, as the case involves a consumer agreement.

The issue is whether Blue World can now compel arbitration under the FAA, despite failing to comply with the Consumer arbitration rules. Parker claims that the AAA rejected the

earlier arbitration due to Blue World's non-compliance. The FAA's sections 3 and 4 provide the basis for enforcing arbitration, but neither section supports Blue World's argument. Parker argues that courts have repeatedly ruled that non-compliance with arbitration rules precludes a party from compelling arbitration or seeking a stay of proceedings.

## IV.    ANALYSIS & DISCUSSION

The FAA was enacted to ensure that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2018). The Supreme Court established that Congress, in passing the FAA, intended to create a strong presumption in favor of arbitration. *See, Southland Corp. v. Keating*, 465 U.S. 1 (1984). In this case, both parties acknowledge that an agreement to arbitrate was signed, which indicates their intent to resolve any disputes related to the contract through arbitration. Therefore, the Court finds that the arbitration agreement governs this dispute.

It is well established under the FAA that arbitration agreements are enforceable and should be upheld unless exceptional circumstances exist, to do otherwise. There is no basis for the Court to conclude that enforcing the arbitration agreement would create an injustice or inequity against either party. Given that, the parties have an agreement they should not be allowed to circumvent the arbitration process.

Additionally, the fact that Parker initially filed arbitration–whether under a consumer or commercial arbitration forum–reinforces the understanding that he was bound to arbitration for the underlying disputes. The distinction between a consumer or commercial arbitration is immaterial to the Court's decision.

3 / 4

In light of the above, the Court concludes that the arbitration agreement is enforceable, and the case must be resolved through arbitration, as stipulated by the contract. Accordingly, the Court GRANTS Blue World's motions to compel arbitration and to dismiss the proceeding.

It is so **ORDERED**.

SIGNED on October 10, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge